THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN M. FRAINEY,<br><br>    Plaintiff,<br><br>  v.<br><br>VILLAGE OF ALSIP, MAYOR PATRICK KITCHING, in his individual capacity, CHIEF ROBERT TROY, in his individual and official capacity, LT. JAMES MCGREAL, in his individual capacity, THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ALSIP, FRANK MAY, JACK CARLSON, and JOSEPH BOCHNIAK in their individual capacities,<br><br>    Defendants. | Case No.:<br><br>FILED: FEBRUARY 17, 2009<br>09CV1033<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE VALDEZ<br><br>PH<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, DAWN M. FRAINEY, complaining against Defendants, VILLAGE OF ALSIP, MAYOR PATRICK KITCHING, in his individual capacity, CHIEF ROBERT TROY, in his individual and official capacity, LT. JAMES MCGREAL, in his individual capacity, THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ALSIP, FRANK MAY, JACK CARLSON, and JOSEPH BOCHNIAK, states as follows:

1

## INTRODUCTION

1. Plaintiff brings this action to seek redress for sexual harassment and gender discrimination engaged in by Defendant Village of Alsip in violation of her rights as secured under Title VII, 42 U.S.C. § 2000, *et seq.* (Count I); for retaliation by Defendant Village of Alsip in violation of her rights as secured under Title VII, 42 U.S.C. § 2000, *et seq.* (Count II); for gender discrimination and a hostile work environment pursuant to 42 U.S.C. § 1983 in violation of Plaintiff's equal protection rights guaranteed under the United States Constitution, (Count III); for conspiracy to retaliate in violation of 42 U.S.C. § 1983 (Count IV).

2. This Court has jurisdiction pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

4. Defendants engaged in a continuing violation of Title VII and 42 U.S.C. § 1983.

5. Defendants Village of Alsip and Chief Troy's official conduct was pursuant to a policy and practice of widespread hostile work environment, discrimination, and retaliation by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' command staff and supervisory officials.

## Administrative Procedure

6. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII.

7. On or about December 14, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue Letter on or about November 21, 2008.

## PARTIES

9. Plaintiff Dawn M. Frainey is a female residing within the Northern District of Illinois.

10. Plaintiff was employed as a police officer with the Village of Alsip from on or about March 13, 2000 to on or about September 17, 2008.

11. Defendant VILLAGE OF ALSIP is a municipality incorporated under the laws of the State of Illinois. The Village of Alsip administers itself through departments, one of which is the Village of Alsip Police Department.

12. At all times relevant hereto, Defendant MAYOR PATRICK KITCHING ("Kitching") served in the position as Mayor of the Village of Alsip. Defendant Kitching is sued in his individual capacity.

13. At all times relevant hereto, Defendant ROBERT TROY ("Troy") served in the position as Chief of the Alsip Police Department. Defendant Troy is sued in his individual capacity.

14. Defendant Lt. JAMES MCGREAL ("McGreal") is sued in his individual capacity. At all times relevant hereto, Defendant McGreal acted under color of law.

15. The BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ALSIP ("BFPC") is a statutorily authorized administrative body charged with the promotion and discipline of Village of Alsip Police Officers. The BFPC derives its power and authority from Division 2.1 of Article 10 of the Illinois Municipal Code, 65 Ill. Comp. Stat. 5/10-2.1 *et seq*.

16. Defendant FRANK MAY ("May") is sued in his individual capacity. At all relevant times, Defendant May served as a Commissioner for the BFPC.

17. Defendant JACK CARLSON ("Carlson") is sued in his individual capacity. At all relevant times, Defendant Carlson served as a Commissioner for the BFPC.

18. Defendant JOSEPH BOCHNIAK ("Bochniak") is sued in his individual capacity. At all relevant times, Defendant Bochniak served as a Commissioner for the BFPC.

19. Defendants Alsip and Chief Troy are responsible for the acts its command staff and supervisors, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or practice of gender discrimination and harassment, retaliation, and violations individuals' rights of equal protection under the Fourteenth Amendment to the Constitution of the United States.

20. Each individual Defendant acted under color of state law at all material times hereto.

## FACTS UPON WHICH CLAIMS ARE BASED

21. On or about March 13, 2000, Plaintiff was hired as a police officer for the Village of Alsip.

22. On or about September 17, 2008, Plaintiff was forced to resign.

23. Throughout Plaintiff's employment, she was subjected to a hostile work environment, and retaliation based on her gender and because she complained.

24. On a continuing and ongoing basis Defendants Village of Alsip, Troy, and McGreal (collectively referred to as "Village Defendants") created and perpetuated a hostile work environment against Plaintiff, subjected her to harassment based on her gender, and discriminated and retaliated against her in the terms and conditions of her employment.

25. Defendant Lt. James McGreal subjected Plaintiff to pervasive sexual harassment and a hostile work environment since in or about 2005 which continued through October 2007, including sexually suggestive and offensive comments to and about her, offensive and sexually graphic e-mails, sending car to car messages that were offensive, and engaging in conduct that created a hostile work environment.

26. Defendant Lt. McGreal would refer to Plaintiff and women generally as "brain dead," he would talk about women being on their "periods," refer to women as "cunts," and stated to Plaintiff that he could smell her "womanly musk."

Defendant McGreal also sent numerous offensive and sexually graphic e-mails, some of which he sent while he was at work, suggesting that he wanted to have sex with her, that he wanted her to be "on top," he wanted her to send him "naked pictures" of her, writing "you were looking quite yummy today," among numerous others that Plaintiff found offensive and that created a hostile work environment.

27.   Defendant Lt. McGreal would constantly make derogatory comments about women in general and women who were in leadership roles in the Department and policing.

28.   Defendant Lt. James McGreal was present at roll calls when he and other officers made derogatory and offensive comments about women and about Plaintiff.

29.   Defendant Lt. McGreal did not take any action to stop the sexual and derogatory banter that occurred during roll call or that occurred in the Police Department.

30.   Defendant McGreal embarrassed and humiliated Plaintiff in the presence of several other officers.

31.   Defendant McGreal was Plaintiff's supervisor.

32.   Plaintiff verbally expressed to Defendant McGreal and other supervisors that she found such remarks offensive and opposed them.

33.   Plaintiff reported the sexual harassment to Sergeant Steven Doddona, and also reported it to Deputy Chief Christopher Radz. Sgt. Daddonna failed to relay info up chain of command as required under the Village's sexual harassment

policy. Plaintiff then bypassed the chain of command and complained to Deputy Chief Radz.

34.   On or about October 1, 2007, Plaintiff submitted a written complaint about Defendant McGreal to Deputy Chief Radz, which was received by Deputy Chief Radz on or about October 8, 2007.

35.   An investigation was conducted into Plaintiff's complaint.

36.   The Village Defendants told Plaintiff that Defendant McGreal was suspended for 30 days and demoted back to a patrol officer. However, Defendant McGreal only received a five (5) day suspension.

37.   Following Plaintiff's complaints and the Village's purported discipline of Defendant McGreal, Defendant McGreal continued to engage in sexual harassment of other women.

38.   Following Plaintiff's complaints and the Village's purported discipline of Defendant McGreal, Defendant McGreal retaliated against Plaintiff and conspired with the BFPC Defendants to deny Plaintiff a promotion to Sergeant.

39.   Plaintiff tested for the Sergeant's promotion and scored highest on the Sergeant's test, and was placed first on the list.

40.   On or about December 7, 2007, Plaintiff was denied a promotion to sergeant, although her scores, testing, and experience exceeded the person who was promoted over her.

41.   The BFPC members, Defendants May, Carlson, and Bochniak failed to promote Plaintiff to Sergeant on or about December 7, 2007.

42. Plaintiff was denied a promotion to Sergeant on two (2) subsequent occasions after the December 7, 2007 promotion by Defendants BFPC, May, Carlson, and Bochniak.

43. Defendants failed and refused to promote Plaintiff to Sergeant because of her gender and because she complained about the hostile work environment.

44. Defendant Mayor Kitching also votes on the promotions to rank as Sergeant and participated in the discriminatory and retaliator conduct against Plaintiff.

45. Defendant Lt. McGreal had conversations with Defendant Carlson about the Sergeant's examination and that Plaintiff should not be a Sergeant.

46. Defendant Lt. McGreal is good friends with Defendants Carlson and May, who sit on the BFPC, and who refused and failed to promote Plaintiff.

47. The Village Defendants, including Lt. McGreal, conspired with Defendants Kitching, May, Carlson, and Bochniak to prevent Plaintiff from promotional advancement in retaliation for her complaints.

48. Following Plaintiff's complaints of sexual harassment, Plaintiff was denied a promotion to sergeant three (3) times over, despite the fact that she was ranked number one (1) on the list.

49. Plaintiff was subjected to other retaliation including unwarranted disciplinary action and denial of training and special assignments.

50. The Village Defendants engaged in conduct that was calculated to force Plaintiff to resign her position or to be discharged on pretextual grounds.

51. Plaintiff was suspended and reprimanded for digressing relatively short distances over the Village boundary line while on duty to care for her son because of his medical condition and disability, while other police officers were not suspended or reprimanded for similar conduct.

52. Other male employees and employees who did not complain were not forced to resign, were not threatened with administrative charges, and were not denied promotions to sergeant.

53. Other male employees and employees who did not complain who have engaged in similar or more egregious conduct than that alleged against Plaintiff were not disciplined and were not threatened with charges before the BFPC.

54. Plaintiff complained to the Village Defendants about the hostile work environment and discriminatory conduct. The Village Defendants failed to take effective remedial measures as required under Title VII.

55. Defendants have engaged in a pattern and practice of harassment and discrimination against women because of their gender.

56. Defendants and Defendants' supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

57. Defendants failed to provide proper training to its managers, supervisors, and employees to prevent harassment and gender discrimination. Defendants' failure to train was deliberately indifferent to the rights of employees within their purview.

58. Defendants created and perpetuated a hostile work environment, turned a blind eye to the harassment, and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

## COUNT I
### (Title VII – Gender Discrimination and Sexual Harassment)

59. As against Defendant Village of Alsip, Plaintiff restates and re-alleges by reference paragraphs 1 through 58 above as though fully set forth herein.

60. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq*.

61. Defendant has engaged in a pattern and practice of sexual harassment of women and discrimination based on gender.

62. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

63. Defendant intentionally discriminated against Plaintiff based on her gender and denied her equal opportunities, including but not limited to: being subjected to a hostile work environment and harassment, subjected to unwarranted

and disproportionate disciplinary action, denied compensation for overtime worked, subjected to unlawful termination, and treated differently in the terms and conditions of her employment.

64. The actions of Defendant in intentionally engaging in and condoning sexual harassment and gender discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

- A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

- B. Compensatory damages in an amount to be determined at trial;

- C. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

- D. A permanent injunction requiring Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e *et seq.*;

- E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

- F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

- G. Such other relief as the Court may deem just or equitable.

## COUNT II
## (Title VII – Retaliation)

65. As against Defendant Village of Alsip, Plaintiff restates and re-alleges by reference paragraphs 1 through 58 above as though fully set forth herein.

66. Plaintiff was subjected to retaliatory treatment in retaliation for her complaints, including but not limited to: being subjected to harassment and a hostile work environment, subjected to unwarranted and disproportionate disciplinary action, denied a promotion to sergeant, denied special assignments, denied training, treated differently in the terms and conditions of her employment, and forced to resign under threat of termination.

67. By engaging and condoning retaliatory conduct, Defendant discriminated against plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

68. The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, and constructive discharge.

**WHEREFORE**, Plaintiff respectfully requests:

    A.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

    B.    Compensatory damages in an amount to be determined at trial;

    C.    A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

  D. A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e *et seq.*;

  E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

  F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

  G. Such other relief as the Court may deem just or equitable.

## COUNT III
### (1983 Violation of Equal Protection – Gender Discrimination and Sexual Harassment)

69. Plaintiff restates and realleges by reference paragraphs 1 through 58 as if fully set forth herein.

70. The Village Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

71. The Village Defendants have no system of training regarding sex harassment and/or discrimination and no effective system of reporting and responding to reports of sex discrimination.

72. The actions of the Village Defendants reflect a policy, custom, or pattern of official conduct of engaging in and condoning harassment and discrimination of women.

73. Defendant Troy is a policy maker for the Village of Alsip Police Department and has final policy making authority.

74. The other Village Defendants were delegated with final policy making authority as it relates to the allegations asserted herein.

75. The Village Defendants knew and should have known that Plaintiff was being subjected to a hostile work environment and discrimination. Despite this, they failed to take any effective remedial action, and turned a blind eye to Plaintiff's complaints as well as supervisors' knowledge and acquiescence of the harassment and discrimination.

76. Defendants discriminated against Plaintiff because of her gender and because she complained, by including but not limited to: subjecting her to a hostile work environment, subjecting her to unwarranted and disproportionate disciplinary action, denying her a promotion to sergeant, denying her special assignments, denying her training, treating her differently in the terms and conditions of her employment, and forcing to resign under threat of termination.

77. The official actions of Defendants against Plaintiff violated her equal protection right to be free from a hostile work environment based on her gender under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

78. The actions of Defendants against Plaintiff as described herein violated her equal protection right to be free from gender discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

79. Defendants subjected Plaintiff to an unlawful and discriminatory investigation and disciplinary action in violation of her equal protection rights under the United States Constitution.

80. The actions of Defendants in intentionally engaging in and condoning the hostile work environment and discrimination against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

81. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

E. A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

F.     The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.     Punitive damages as allowed by law as against the individual Defendants;

H.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.     Such other relief as the Court may deem just or equitable.

## COUNT IV
## (§ 1983 Conspiracy
## Against All Defendants)

82. Plaintiff restates and realleges by reference paragraphs 1 through 58 as if fully set forth herein.

83. The individual Defendants, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct, and otherwise conspired among and between themselves to deprive Plaintiff of her Constitutional rights, and did deprive Plaintiff of her Constitutional rights.

84. In furtherance of this conspiracy, the individual Defendants committed overt acts as alleged herein.

85. Defendants Troy and McGreal conspired with Defendants Kitching, May, Carlson, and Bochniak to deprive Plaintiff of a promotion to Sergeant in response to her complaints of discrimination and sexual harassment.

86. Said acts of Defendants were undertaken willfully and maliciously and deprived Plaintiff of her rights under the Fourteenth Amendment and 42 U.S.C. §1983.

87. Said conspiracy proximately caused said Constitutional violations and other injuries, including but not limited to pain and suffering, mental anguish, legal expenses, loss of income, as alleged herein.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

E. A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

F. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law as against the individual Defendants;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.    Such other relief as the Court may deem just or equitable.

Respectfully submitted,

DAWN M. FRAINEY

*s/Dana L. Kurtz*

Attorney for Plaintiff

Dana L. Kurtz, Esq. (6256245)
Heidi Karr Sleper (6287421)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois  60441
Phone:  815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us
E-mail:  hsleper@kurtzlaw.us